IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEMAR COATES,<br>    Plaintiff | ) <br> ) <br> ) | C.A. No. 10-174 Erie |
| v. | ) <br> ) | District Judge McLaughlin <br> Magistrate Judge Baxter |
| RAYMOND J. SOBINA, et al.,<br>    Defendants. | ) <br> ) | |

## **MAGISTRATE JUDGE's REPORT AND RECOMMENDATION**

### I.     **RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss complaint [ECF No. 8] be granted.

### II.    **REPORT**

#### A.    **Relevant Procedural and Factual History**

Plaintiff Lemar Coates, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), initiated this action on July 19, 2010, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Named as Defendants are: Raymond J. Sobina, former Superintendent at SCI-Albion ("Sobina"); Brian Flinchbaugh, Unit Manager at SCI-Albion ("Flinchbaugh"); Richard M. Hall, Deputy Superintendent at SCI-Albion ("Hall"); Nancy A. Giroux, Deputy Superintendent at SCI-Albion ("Giroux"); Dorina Varner, Chief Grievance Officer at SCI-Albion ("Varner"); and Ronald Bryant, Deputy Superintendent at SCI-Albion ("Bryant").

In his *pro se* complaint, Plaintiff alleges that Defendants violated his rights under the eighth amendment to the United States Constitution by denying him evening yard privileges after he had missed morning and afternoon yard due to his work hours. As relief for his claim,

Plaintiff seeks injunctive relief and an award of filing fees and costs.

Defendants have filed a motion to dismiss complaint [ECF No. 8], arguing, *inter alia*, that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has since filed a "rebuttal" to Defendants' motion. [ECF No. 17]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing'

rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the *Twombly/Iqbal/Phillips* line of cases, as follows:

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

3

than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

To succeed on an Eighth Amendment claim based on prison conditions, a plaintiff must show "he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994) An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, clothing, shelter, and medical care. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3d Cir. 2000); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992)(holding that, at a minimum, correctional institutions must provide inmates with "adequate food, clothing, shelter, sanitation, medical care, and personal safety"). Furthermore, to establish deliberate indifference: 1) a prison official must know of and disregard an excessive risk to inmate health or

safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Farmer, 511 U.S. at 837.

"There is no question that meaningful recreation 'is extremely important to the psychological and physical well-being of the inmates.'" Peterkin v. Jeffes, 855 F.2d 1021, 1031 (3d Cir. 1988), quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979). Nonetheless, "although exercise is 'one of the basic human necessities protected by the Eighth Amendment,' LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993), a temporary denial of exercise with no medical effects is not a substantial deprivation." Bank v. Nicklin, 2011 WL 397651 at *7 (M.D.Pa. Feb 2, 2011), citing May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997)(determining that the denial of recreation for twenty-one days was insufficient to sustain an Eighth Amendment claim); Knight v. Armontrout, 878 F.2d 1093, 1096 (8th Cir. 1989)(finding that the denial of recreation for thirteen days does not amount to cruel and unusual punishment); French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985)(pointing out that lack of exercise may rise to a constitutional violation only "where movement is denied and muscles are allowed to atrophy, [and] the health of the individual is threatened"). See also Wright, III v. State Correctional Inst. at Greene, 2007 WL 2852527 at *6 (W.D.Pa. Sept. 27, 2007)(holding that Plaintiff's allegation that he was denied outdoor exercise "randomly" over a period of three months on the basis of "inclement weather" was insufficient to state an Eighth Amendment claim, particularly where Plaintiff failed to allege physical harm and failed to "set out at least an approximate number of times he was denied outdoor exercise"); Castro v. Chesney, 1998 WL 767467, at *12 (E.D.Pa. Nov. 3, 1998)(holding that deprivation of exercise for "several days" without evidence of "a tangible physical harm which resulted from the denial of exercise" did not rise to the level of an Eighth Amendment violation).

Here, Plaintiff has merely alleged that, on certain days when his work hours have

5

prevented him from attending morning and afternoon yard sessions, Defendants have "stopped and/or prohibited [him from] attending evening yard when [his] unit was/is excluded from evening yard rotation...." (ECF No. 4, Complaint, at Section IV.C). Thus, Plaintiff has not alleged that he has been completely denied outdoor exercise on a daily basis for an extended period of time, nor has he even attempted to approximate the number of times he was prevented from attending evening yard. Moreover, Plaintiff has not alleged that he has suffered any tangible physical or psychological harm as a result of missing evening yard on certain days when his work schedule already caused him to miss morning and afternoon yard. He simply complains that the amount of outdoor exercise on such days falls short of the "state mandated 2 hours of daily physical exercise in open." (ECF No. 17, Plaintiff's Rebuttal, at ¶ 4). This is insufficient to state a claim of cruel and unusual punishment under the Eighth Amendment. Accordingly, Defendants' motion to dismiss should be granted.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss complaint [ECF No. 8] be granted.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: June 17, 2011

cc: The Honorable Sean J. McLaughlin
United States District Judge